**WEHRLE LAW LLC**
J. Christopher Wehrle, Esq.
2601 S. Hanley Rd.
St. Louis, Missouri 63144
Telephone: (314) 272-4113
Fax: (314) 272-4107
Email: chris@wehrlelaw.com

*[Proposed] Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KAMIL WILKINSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREFUEL CORP., TOM MCKINLAY, and ROSE M. SPARKS,<br><br>Defendants. | Case No: 4:24-cv-00881-MTS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FIONA PINEDA TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

1

Plaintiff Fiona Pineda ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of FutureFuel Corp. ("FutureFuel" or the "Company") between August 10, 2023 and May 10, 2024, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Movant's selection of Wehrle Law LLC ("Wehrle Law") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On June 24, 2024, this case was filed against the Company, Tom McKinlay, and Rose M. Sparks for violations under the Exchange Act by Rosen Law. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of J. Christopher Wehrle ("Wehrle Decl."), Ex. 1, filed herewith.

FutureFuel describes itself as "a Delaware corporation, and, through its wholly-owned subsidiary, FutureFuel Chemical Company, manufactures diversified chemical products, bio-based fuel products, and bio-based specialty chemical products."

The complaint alleges that during the Class Period, Defendants misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) FutureFuel

did not have adequate internal controls; (2) FutureFuel's financial statements were misstated; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

Then on May 10, 2024, FutureFuel filed with the SEC a Current Report on Form 8-K (the "May 10 Current Report"). The May 10 Current Report revealed the following:

> FutureFuel Corp. (the "Company") has identified ***a correction required to be made to its historical consolidated statements of cash flows for the six months ended June 30, 2023, nine months ended September 30, 2023 and year ended December 31, 2023***. The correction relates solely to the reported amount of "Other assets" and the resulting total amount of "Net Cash Flows From Operating Activities" and the reported amount of "Collateralization of derivative instruments" and the resulting total amount of "Net Cash Flows from Investing Activities" in the respective consolidated statements of cash flows for the six months ended June 30, 2023, nine months ended September 30, 2023 and year ended December 31, 2023 (collectively, the "Correction").
>
> \*       \*       \*
>
> On May 8, 2024, management and the audit committee of the board of directors of the Company concluded that, as a result of the Correction and in accordance with, Staff Accounting Bulletin No. 99, "Materiality," the consolidated statements of cash flows included in ***the Company's previously issued unaudited financial statements in the Quarterly Reports on Form 10-Q for the periods ended June 30, 2023, and September 30, 2023, and the previously issued audited Consolidated Statement of Cash Flows on Form 10-K for the year ended December 31, 2023, were materially misstated and should no longer be relied upon due to the Correction***. In addition, any Company communications or presentations relating to the Correction should no longer be relied upon.
>
> The Company will report the restatement in an amendment to each of the Quarterly Reports on Form 10-Q for the quarters ended June 30, 2023, and September 30, 2023 (the "Form 10-Q/As"), and to the Annual Report on Form 10-K for the year ended December 31, 2023 (the "Form 10-K/A"). ….
>
> ***In addition, the Company's management has concluded that, as a result of the Correction, a material weakness existed in the Company's internal control over financial reporting as of June 30, 2023, September 30, 2023, and December 31, 2023, and that, because of this material weakness, the Company's disclosure controls and procedures were not effective as of June 30, 2023, September 30, 2023, and December 31, 2023***. The Company's remediation plan with respect to such material weakness will be described in more detail in the Company's Form 10-Q/As and Form 10-K/A.

3

The Company's management and audit committee of the board of directors discussed the matters disclosed in this Item 4.02 with its independent registered public accounting firm, RSM US LLP.

(Emphasis added).

The May 10 report included a summary of the impact on its financials. That same day, the Company filed with the SEC amended 2Q23 and 3Q23 Reports on Forms 10-Q/A, and its amended 2023 Annual Report on Form 10-K/A. The amended reports contained restated financial figures. The amended 2023 Annual Report also provided the following disclosure regarding the Company's internal controls:

> ***We have identified a material weakness in our internal control over financial reporting as of December 31, 2023, September 30, 2023 and June 30, 2023, and continuing as of the date hereof which was correctly presented but had not been fully remediated, that resulted in a restatement of certain of our statements of cash flows. If we are not able to remediate this material weakness or otherwise fail to maintain effective internal control over financial reporting, we might not be able to report our financial results accurately or prevent fraud***; ***in that case, our stockholders could lose confidence in our financial reporting, which would harm our business and could negatively impact the value of our stock.***

> Effective internal controls are necessary for us to provide reliable financial reports and prevent fraud. The process of maintaining our internal controls may be expensive, and time consuming, and may require significant attention from management. As disclosed in this Amendment No. 1, we have identified a material weakness in our internal control over financial reporting, which existed as of December 31, 2023, September 30, 2023 and June 30, 2023. This error was the result of review controls of the cash flow statement which did not operate as designed and as such resulted in these errors. The Company has determined that the error did not have an impact on the Company's overall cash position, its consolidated balance sheets, its consolidated statements of income and comprehensive income, or its consolidated statement of changes in stockholders' equity as previously reported.

> This material weakness resulted in the errors described in the Explanatory Note and Background of the Restatement. We have commenced efforts to remediate the material weakness as described in more detail in Part II, Item 9A. Controls and Procedures in this Amendment No. 1. However, this material weakness will not be considered remediated until the controls operate for a sufficient period of time and management has concluded, through testing, that these controls operate effectively. Our efforts to remediate this material weakness may be time

consuming and costly. We cannot provide assurance that such efforts will ultimately have the intended effect. If we fail to remediate the existing material weakness or we or our independent registered public accounting firm discover additional material weaknesses, the value of our stock and our business could be harmed. As a result of the material weakness and the restatement of certain of our statements of cash flows, we may face litigation or regulatory investigations that could have a material adverse effect on the Company and its business and results of operations.

(Emphasis added.)

On this news, the price of FutureFuel stock declined by $0.09, or 1.6%, to close at $5.50 on May 10, 2024. It then fell a further $0.47, or 8.54%, to close at $5.03 on May 13, 2024. It declined by a further $0.06, or 1.19%, to close at $4.97 on May 14. 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at * 2 (D. Minn. May 26, 2009); *Kops v. NVE Corp.*, 2006 WL 2035508, at * 2 - * 4 (D. Minn. July 19, 2006).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

## A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that she is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Wehrle Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *e.g., Medtronic*, 2009 WL 1458234, at *2; *Kops*, 2006 WL 2035508, at *2-*4. "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex Incorporated*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *see also Medtronic*, 2009 WL 1458234, at * 2; *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $11,430.50 in connection with her purchases of FutureFuel securities. *See* Wehrle Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in FutureFuel securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.     Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.     Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in FutureFuel securities and is therefore extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(a) will not fairly and adequately protect the interests of the class; or

(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

Movant is Senior Tax Manager at an accounting firm. She holds a masters degree in tax and a bachelor's degree in accounting. She has five years of investing experience and lives in California.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including filing this action, reviewing publicly available financial and other documents while gathering information in support of the claims against

9

Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions courts throughout the country and Wehrle Law has a long history of handling complex litigation. *See* Wehrle Decl., Exs. 4 and 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 23, 2024                    Respectfully submitted,

/s/ J. Christopher Wehrle
James Christopher Wehrle, #45592(MO)
**WEHRLE LAW LLC**
2601 S. Hanley Rd.
St. Louis, Missouri 63144
Telephone: (314) 272-4113
Fax: (314) 272-4107
Email: chris@wehrlelaw.com

*[Proposed] Liaison Counsel for Lead Plaintiff*

10

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq., #4145397(NY)
Laurence M. Rosen, Esq., #2255214(NY)*
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

* Laurence Rosen is admitted in additional states and jurisdictions.

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ J. Christopher Wehrle</u>