**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| KAMIL WILKINSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREFUEL CORP., TOM MCKINLAY, and ROSE M. SPARKS,<br><br>Defendants. | Case No. 4:24-cv-00881-MTS<br><br>**SHEHZAD VIRANI AND SONERI INVESTMENTS INC.'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

I.    THE VIRANI GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS ......................................................................................................................... 3

      A.    The Virani Group are the Presumptive Lead Plaintiffs .......................................... 3

      B.    The Virani Group Have The Largest Financial Interest In The Relief Sought By The Class.................................................................................................................. 4

      C.    The Virani Group Satisfy Rule 23's Typicality and Adequacy Requirements....... 5

II.   THE VIRANI GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND UNGLESBY & CROMPTON AS LIAISON COUNSEL SHOULD BE APPROVED ...................................................................................................... 7

III.  PINEDA FILED A NOTICE OF NON-OPPOSITION .................................................... 9

IV.   CONCLUSION................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ....................................................................................7

*Erickson v. Hutchinson Tech. Inc.*,
  No. 15-cv-4261, 2016 WL 8199314 (D. Minn. Apr. 1, 2016) ...................................4

*Espinoza v. Whiting*,
  No. 4:12cv1711 SNLJ, 2013 WL 171850 (E.D. Mo. Jan. 16, 2013).........................5

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ...............................................................................4, 5

*In re GE Sec. Litig.*,
  No. 09 Civ.1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..............................4, 5, 6

*In re GenesisIntermedia, Inc. Sec. Litig.*,
  232 F.R.D. 321 (D. Minn. 2005)...................................................................................6

*Horowitz v. SunEdison, Inc.*,
  No. 4:15 CV 1769 RWS, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016).........................3, 4, 6

*Kops v. NVE Corp.*,
  No. Civ.06-574(MJD/JJG), 2006 WL 2035508 (D. Minn. July 19, 2006)...........................4, 6

*Mart v. Tactile Sys. Tech., Inc.*,
  No. 20-CV-2074, 2021 WL 321624 (D. Minn. Feb. 1, 2021) ..............................................4, 6

*Minneapolis Firefighters' Relief Assoc. v. MEMC Elec. Materials, Inc.*,
  No. 4:08-CV-1411 (CEJ), 2008 WL 5233106 (E.D. Mo. Dec. 12, 2008).........................5, 6, 7

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015)............................................................................4, 5

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)..............................................................................................6

Anne Cullen,
  *More Judges Are Demanding Diversity Among Class Counsel*,
  Law360 (July 16, 2020) ..............................................................................................8

Ralph Chapoco,
   *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
   Bloomberg Law (July 30, 2020) ................................................................................................8

**MEMORANDUM OF LAW**

Shehzad Virani ("Virani") and his company Soneri Investments Inc. ("Soneri," collectively the "Virani Group") respectfully submit this memorandum of law in opposition to the competing lead plaintiff motion and in further support of their motion for an Order: (1) appointing the Virani Group as Lead Plaintiffs in the above-captioned action; (2) approving the Virani Group's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class and Unglesby & Crompton as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

**INTRODUCTION**

On August 23, 2024, two motions by shareholders of FutureFuel Corp. ("FutureFuel" or the "Company") were timely filed with this Court to be appointed lead plaintiff (and for appointment of their counsel as lead and liaison counsel) under the PSLRA. *See* ECF No. 15 at 2 (Fiona Pineda ("Pineda")) and ECF No. 20 at 1 (the Virani Group).

On September 6, 2024, Pineda filed a Notice of Non-Opposition to Competing Motion to (1) Appoint Lead Plaintiff and (2) Approve Lead Plaintiff's Selection of Counsel. *See* ECF No. 26. Therefore, the Virani Group's Motion is unopposed.

Under Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a **presumption in favor** of appointment as Lead Plaintiff of the movant who demonstrates the "largest financial interest" in the litigation and who makes a prima facie

---

[1] All terms not otherwise defined herein shall have the same meaning as those terms in Shehzad Virani and Soneri Investments Inc.'s Memorandum of Law in Support of Their Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel and Liaison Counsel ("Opening Brief"). ECF No. 21. All references to "Ex. __" are exhibits to the Declaration of R. Seth Crompton in Support of Shehzad Virani and Soneri Investments Inc.'s Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel and Liaison Counsel. ECF No. 22. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

1

showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the class interest or will be subjected to "unique defenses that render that such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Virani Group are clearly the presumptive Lead Plaintiffs under the PSLRA. With losses of $137,956.39, the Virani Group clearly possess the largest financial interest in the Action compared to Pineda. Pineda reported losses of only $11,430.50 (approximately 8% of the losses of the Virani Group)). *Compare* Opening Brief, ECF No. 21 at 2, 9 and supporting documents at Ex. B (Movants' PSLRA Certifications) (ECF No. 22-2), Ex. C (the Virani Group's Loss Chart) (ECF No. 22-3), and Ex. D (Declaration of Shehzad Virani in Support of Motion of Shehzad Virani and Soneri Investments Inc. for Appointment as Lead Plaintiff and Approval of Lead Counsel and Liaison Counsel ("Virani's Decl.") (ECF No. 22-4)) *with* ECF No. 16 at 7, ECF Nos. 17-2 and 17-3.

The Virani Group also meet Rule 23's typicality and adequacy requirements. Mr. Virani, the owner of Soneri, submitted a sworn declaration providing his background information – including his educational background, his sole business ownership, and that he makes all investment decisions for himself and Soneri (Virani's Decl. ¶¶ 2-6) – and understands the duties and responsibilities of being Lead Plaintiff, including fiduciary duties to the class. *Id.* at ¶ 7.

This Court should therefore adopt the presumption provided by the PSLRA that the Virani Group are the most adequate Lead Plaintiffs and appoint them Lead Plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons summarized above and explained further below, the Virani Group

2

respectfully ask this Court to grant their Motion to be appointed Lead Plaintiffs and approve their selection of the Faruqi Firm to act as Lead Counsel and Unglesby & Crompton to act as Liaison Counsel.

## ARGUMENT

**I.     THE VIRANI GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS**

As described in their Opening Brief, the Virani Group have met all of the PSLRA requirements to be appointed Lead Plaintiffs in this case.

The Virani Group timely filed a motion to be appointed Lead Plaintiffs. *See* Opening Brief 7-8. Further, as demonstrated in their opening motion papers, the Virani Group have the largest financial interest in the outcome of the case and otherwise satisfy Rule 23. *Id*. at 8-11.

### A.     The Virani Group are the Presumptive Lead Plaintiffs

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. See *Horowitz v. SunEdison, Inc.*, No. 4:15 CV 1769 RWS, 2016 WL 1161600, at *2 (E.D. Mo. Mar. 24, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

As described in its opening brief, the Virani Group have fully satisfied the PSLRA's requirements for appointment of Lead Plaintiff. *See generally* the Virani Group's Lead Plaintiff Motion (ECF Nos. 20, 21, and 22). Their motion was timely filed and included the required certification identifying all of their relevant transactions in FutureFuel securities during the Class

Period showing that they have the largest financial interest in the case. The Virani Group also filed the required documentation showing that their claims are typical of the class, and they will be an adequate representative as required under Rule 23. *See* Opening Br. at 7-11. They should therefore be appointed Lead Plaintiffs.

**B.    The Virani Group Have The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See also Horowitz*, 2016 WL 1161600, at *3; *Kops v. NVE Corp.*, No. Civ.06-574(MJD/JJG), 2006 WL 2035508, at *3 (D. Minn. July 19, 2006); *Mart v. Tactile Sys. Tech., Inc.*, No. 20-CV-2074 (NEB/BRT), 2021 WL 321624, at *1 (D. Minn. Feb. 1, 2021); *Erickson v. Hutchinson Tech. Inc.*, No. 15-cv-4261 (DSD/LIB), 2016 WL 8199314, at *4 (D. Minn. Apr. 1, 2016), R. & R. *adopted by* 2016 WL 8200934 (D. Minn. Apr. 20, 2016); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re GE Sec. Litig.*, No. 09 Civ.1951(DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Horowitz*, 2016 WL 1161600,

4

at \*3; *In re GE*, 2009 WL 2259502, at \*4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

As illustrated in the table below, the Virani Group is indisputably the movant with the largest financial loss:

| Movant(s) | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| Shehzad Virani and Soneri Investments Inc. | 47,075 | 47,075 | $369,869.10 | -$137,956.39 |
| ~~Fiona Pineda[2]~~ | ~~4,500~~ | ~~4,500~~ | ~~$33,599.53~~ | ~~-$11,430.50~~ |

As shown above, the Virani Group have the largest financial loss among the movants. The Virani Group also expended the most funds in connection with purchases of FutureFuel securities and purchased and retained the largest number of shares.

Given that the Virani Group assert the largest financial losses among the movants by a substantial margin, the Virani Group are entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

### C.    The Virani Group Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Espinoza v. Whiting*, No. 4:12cv1711 SNLJ, 2013 WL 171850, at \*3 (E.D. Mo. Jan. 16, 2013); *Minneapolis Firefighters' Relief Assoc. v. MEMC Elec. Materials, Inc.*, No. 4:08-CV-

---

[2]    As mentioned above, Pineda filed a Notice of Non-Opposition to the Virani Group's Motion on September 6, 2024.  ECF No. 26.

5

1411 (CEJ), 2008 WL 5233106, at *1 (E.D. Mo. Dec. 12, 2008); *Horowitz*, 2016 WL 1161600, at *4; *Kops*, 2006 WL 2035508, at *5; *see also Mart*, 2021 WL 321624, at *2 ("As for the [Rule 23] requirement, [movant] is entitled to lead plaintiff status so long as it satisfies the typicality and adequacy requirements of Rule 23.").

The Virani Group's claims are clearly typical of the Class's claims. The Virani Group acquired FutureFuel securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possess claims against Defendants under the federal securities laws. Because the factual and legal bases of the Virani Group's claims are similar to those of the Class's claims, they necessarily satisfy the typicality requirements. *See Kops*, 2006 WL 2035508, at *6 (finding movants typical where "they allege that they purchased NVE stock during the Class Period at prices artificially inflated by false and misleading statements issued by Defendants and were damaged by that fraud when the truth was disclosed and the stock price fell.").

The Virani Group will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See In re GenesisIntermedia, Inc. Sec. Litig.*, 232 F.R.D. 321, 330 (D. Minn. 2005) ("To satisfy the adequacy requirement, Plaintiffs must show that (1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

6

As evidenced by the representations in the Virani Group's certifications, *see* Ex. B (ECF No. 22-2), the Virani Group's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See MEMC*, 2008 WL 5233106, at *2 (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (same). Contemporaneously with the filing of the instant motion, Movant Virani has submitted a Declaration with additional information about himself, his work and educational background, and experience investing, clearly demonstrating his adequacy to represent class members. Ex. D ¶¶ 3-4. Movant Virani is also the owner and president of Soneri Investments Inc. *Id.* at ¶ 5. He has been investing for over four years, managing his own investments. *Id.* at ¶ 6.

## II. THE VIRANI GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND UNGLESBY & CROMPTON AS LIAISON COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiffs are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

The Virani Group selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned[3] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Opening Brief 11-15; Ex. E, Faruqi Firm resume (ECF No. 22-5).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Strickland v. Hightower*, No. 4:23-cv-

---

3       *See* Ex. F (ECF No. 22-6).

01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Wang v. Ampio Pharms., Inc.*, No. 1:22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Hawes v. Argo Blockchain plc*, No. 1:23-cv-00572-CM (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[4]  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

Finally, the Virani Group's choice of liaison counsel, the Clayton based law firm Unglesby & Crompton, specializes in class action litigation. This experience includes securities litigation in this Court, as well as class actions in the areas of finance, anti-trust, insurance, consumer protection, defective products, and environmental damage across the country. *See* Exhibit G (ECF No. 22-7).

---

[4]    *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

**III.   PINEDA FILED A NOTICE OF NON-OPPOSITION**

As mentioned above, Pineda filed a Notice of Non-Opposition, *see* ECF No. 26, and

therefore, the Virani Group's Motion is unopposed.

**IV.   CONCLUSION**

Accordingly, the Virani Group respectfully request that the Court appoint them Lead

Plaintiffs and approve their selection of the Faruqi Firm as Lead Counsel and Unglesby &

Crompton as Liaison Counsel.

Dated:  September 6, 2024                         Respectfully submitted,


By:     */s/ R. Seth Crompton*
        R. Seth Crompton #57448MO
        **UNGLESBY & CROMPTON**
        8909 Ladue Road
        Clayton, Missouri 63124
        Phone: (504) 345-1390
        Facsimile: (504) 324-0835
        E-mail: seth@ucjustice.com

        *Attorneys for [Proposed] Lead Plaintiffs*
        *Shehzad Virani and Soneri Investments Inc.*
        *and [Proposed] Liaison Counsel for the*
        *putative Class*

        James M. Wilson, Jr. (*pro hac vice*
        forthcoming)
        **FARUQI & FARUQI, LLP**
        685 Third Avenue, 26th Floor
        New York, NY 10017
        Telephone: 212-983-9330
        Facsimile: 212-983-9331
        Email:  jwilson@faruqilaw.com

        Robert W. Killorin (*pro hac vice*
        forthcoming)
        **FARUQI & FARUQI, LLP**
        3565 Piedmont Road NE Building Four
        Suite 380
        Atlanta, GA 30305
        Telephone: 404-847-0617

9

Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs
Shehzad Virani and Soneri Investments Inc.
and [Proposed] Lead Counsel for the
putative Class*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 6, 2024, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

By:    */s/ R. Seth Crompton*
R. Seth Crompton

*Attorneys for [Proposed] Lead Plaintiffs Shehzad Virani and Soneri Investments Inc. and [Proposed] Liaison Counsel for the putative Class*

11